In the
United States Court of Appeals
For the Seventh Circuit

No. 00-2327

Claudine W. Jordan, on behalf of herself
and a class of others similarly situated,

Plaintiff-Appellant,

v.

Toyota Motor Credit Corporation,

Defendant-Appellee.


Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 97 C 6697--Ann Claire Williams and James B. Moran,
Judges.


Argued November 27, 2000--Decided January 9, 2001


  Before Bauer, Posner, and Easterbrook, Circuit Judges.

  Easterbrook, Circuit Judge.  Five years ago we
held that a consumer lease need not explain the
"sum-of-the-digits method" for computing an early
termination charge; it is enough to give the
method's name. Channell v. Citicorp National
Services, Inc., 89 F.3d 379, 382-83 (7th Cir.
1996). The portion of the Truth in Lending Act
applicable to leases, see 15 U.S.C. sec.1667a,
requires the lessor's method for determining any
early termination charge to be disclosed in a
"clear and conspicuous manner". Emphasizing the
word "manner," Channell concluded that the
required information must stand out but need not
be simple enough for ordinary customers to grasp.
In the current case a class of auto lessees
contends that a lease's reference to the
"constant-yield method" of calculating an early
termination charge is too abstruse to be "clear."
Plaintiffs allow that the language is
"conspicuous" but deny that it is "clear" unless
the average consumer can understand how the
method works. Judge Williams thought this
argument foreclosed by Channell and dismissed the
claim. 1999 U.S. Dist. Lexis 2553 (N.D. Ill. Feb.
24, 1999). After Judge Williams joined this
court, what was left of the case fell to Judge
Moran, who dismissed the remaining allegations,
2000 U.S. Dist. Lexis 5960 (N.D. Ill. Apr. 25,

2000), producing an appealable judgment.

Plaintiffs recognize that Channell is against them and ask us to overrule that decision. We decline, and not only because of stare decisis. Channell noted that the Federal Reserve (which has regulatory authority under the TILA) had proposed a regulation that would explicitly permit lessors to disclose a method by giving its name rather than the details of its calculation. Since Channell, that regulation has been adopted. See 12 C.F.R. Part 213.4(g) (2000) and the Official Staff Commentary. The Federal Reserve recognized that a name may be superior to a narration, for application can be complex--a point exemplified by the constant-yield method, which employs the calculus (while the sum-of-the-digits method is algebraic). Lessees who know the name of the method can use that knowledge to engage in comparison shopping; rival lessors can trumpet the benefits of their methods. (The constant-yield method is more favorable to lessees than is the sum-of-the-digits method.) We agree with Applebaum v. Nissan Motor Acceptance Corp., 226 F.3d 214, 220 (3d Cir. 2000), that the word "clear" could mean "easily understood" or some variant. See also Smith v. Cash Store Management, Inc., 195 F.3d 325, 327-28 (7th Cir. 1999). Still, this does not lead us to depart from the conclusion of Channell that how far to go in the direction of requiring complex concepts to be presented in easy-to-follow language (if that is possible at all) is a question for the Federal Reserve. Cf. Smith v. Check-N-Go of Illinois, Inc., 200 F.3d 511 (7th Cir. 1999). The Fed has so far blessed disclosure by name, because it believes that nothing better is achievable at acceptable cost. That decision is entitled to judicial respect. Applebaum held that a reference by name to the "constant-yield method" satisfies the TILA and the Fed's regulations, even if the average consumer hasn't a clue what the "constant-yield method" entails.

Still, plaintiffs insist, even if we adhere to Channell and follow Applebaum (as we do), Toyota's lease flunks the TILA because it does more than give the method's name. Two lengthy paragraphs attempt to explain how Toyota calculates early-termination charges. We say "attempt" because the paragraphs are incomplete; they do not use the language of calculus and so are doomed to miss the mark. Plaintiffs filed affidavits from a mathematician and a person with experience in the auto industry who conclude that it is not possible to use the language of the lease as a step-by-step formula that leads to a precise calculation of the early-termination charge; the affiants slogged through the lease's language but in the end each had to draw on some

personal knowledge to complete the exercise. Even if using an unelaborated name is proper, plaintiffs insist, a gobbledygook explanation of that method entitles them to damages.

This supposes, however, that a better explanation is available, and that Toyota chose to obfuscate when it could have clarified. At oral argument plaintiffs' counsel conceded that he had been unable to come up with a better explanation; we can't think of one either, other than using equations that would flummox all but a handful of readers. Perhaps a lessor could not only satisfy its statutory obligation but also assist consumers by giving, not an exegesis, but the location of a site in the Internet that would perform the calculations for any inquiring lessee. Neither the TILA nor the Fed's regulations call for information to be delivered electronically, however. Because the written paragraphs are no worse than the unelaborated name (they do not throw readers off the scent), and because both the name and the exposition will prove equally indigestible to most lessees, adding the explanation did not produce a violation of the TILA.

Affirmed